IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KARL WICHELMAN, et al.,

    Plaintiffs,                  No. CIV S-10-2125 KJM DAD PS

    v.

SANTA CLARA COUNTY
CALIFORNIA, et al.,           ORDER AND FINDINGS AND
                                    RECOMMENDATIONS

    Defendants.
_____/

        Plaintiffs, Karl Wichelman and Anne Sabetta, proceeding in this action pro se, have requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The case was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

        Plaintiffs have each submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a)(1). Plaintiffs' request for leave to proceed in forma pauperis will therefore be granted.

        The determination that plaintiffs may proceed in forma pauperis does not complete the inquiry required by the statutes. Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in forma pauperis case at any time if the plaintiff's allegations of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or

1

seeks monetary relief against an immune defendant. To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

In their complaint plaintiffs assert that defendants Santa Clara County, Santa Clara Valley Medical Center ("VMC") and several named doctors "did with knowledge and malice at the highest levels of County Government intend by actions and/or inaction by medical staff at VMC to TERMINATE SABETTA'S LIFE WITH PREJUDICE." (Compl. (Doc. No. 1) at 4.) In this regard, plaintiffs allege as follows. On April 1, 2008, plaintiff Anne Sabetta was transferred to VMC by the San Jose Police Department after being found asleep at a bus stop. (Id. at 2-3.) Ms. Sabetta was admitted to VMC as a "perfectly healthy human being," but soon after was transferred to the critical care unit suffering from septicemia as a result of a hospital acquired infection. (Id. at 3-4.) She remained hospitalized for several months. (Id.) On September 21, 2008, Ms. Sabetta broke her leg while in Sacramento, California "because of" her weakened condition as a result of her prolonged hospitalization at VMC. (Id. at 7.)

Because defendants have not appeared and therefore not waived a challenge to venue, the court may raise the issue of proper venue sua sponte. Costlow v. Weeks, 790 F.2d

1486, 1487-88 (9th Cir. 1986). Title 28 U.S.C. § 1391(b) provides that where jurisdiction is not founded solely on diversity, a civil action "may be brought only in the judicial district where all defendants reside, or in which the claim arose . . . ." The factual allegations found in plaintiffs' complaint occurred almost exclusively in Santa Clara County. In this regard plaintiffs' claim arose in Santa Clara County, which is within the boundaries of the Northern District of California. Plaintiffs have not alleged that any of the named defendants reside within the Eastern District of California and that would appear not to be the case. The Eastern District of California is therefore not the proper venue for this case.

Title 28 U.S.C. § 1406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The decision of whether to transfer or dismiss rests within the sound discretion of the district court. See Cook v. Fox, 537 F.2d 370, 371 (9th Cir. 1976); see also Hapaniewski v. City of Chicago Heights, 883 F.2d 576, 579-80 (7th Cir. 1989); Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983). Here the court finds that the interests of justice do not require a transfer.[1] Accordingly, the undersigned will recommend that plaintiffs' complaint be dismissed. "A determination of improper venue does not go to the merits of the case and therefore must be without prejudice." In re Hall, Bayoutree Assoc. Ltd., 939 F.2d 802, 804 (9th Cir. 1991).

---

[1] The court notes that Rule 8(a) of the Federal Rules of Civil Procedure requires that a civil complaint contain " a short and plain statement of the grounds upon which the court's jurisdiction depends . . . ." Here, plaintiffs' complaint does not contain a statement of the grounds upon which this court's jurisdiction depends. The civil cover sheet submitted with the complaint indicates that all parties are California residents, jurisdiction is based on the presence of a federal question, the nature of plaintiffs' suit is "civil rights" and plaintiffs' cause of action is "Title 42 U.S.C. sec 1983." (Doc. No. 2.) However, plaintiffs have not alleged in their complaint that they were deprived of any right, privilege, or immunity secured by the United State Constitution, nor have they alleged how any named defendant acted under color of state law. It is unclear from the complaint whether plaintiff Sabetta is alleging that she was in police custody during her stay and treatment at VMC. If not, plaintiffs' claim would appear to be a state law claim of medical malpractice or negligence, over which the federal courts would clearly have no jurisdiction. Plaintiffs should consider this in determining whether to file a complaint in the San Jose Division of the U.S. District Court for the Northern District of California.

The undersigned will therefore recommend that plaintiffs' complaint be dismissed without prejudice to the filing of an action in the appropriate venue.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff Karl Wichelman's August 9, 2010 application to proceed in forma pauperis (Doc. No. 3) is granted; and

2. Plaintiff Anne Sabetta's August 12, 2010 application to proceed in forma pauperis (Doc. No. 4) is granted.

IT IS RECOMMENDED that:

1. Plaintiffs' complaint (Doc. No. 1) be dismissed without prejudice to refiling this action in the appropriate venue; and

2. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 9, 2011.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.prose\wichelman2125.ifp.f&r

4